```
          IN THE UNITED STATES DISTRICT COURT
             FOR THE DISTRICT OF MARYLAND
                                  :
KENNETH REITZIG
                                  :
    v.                            :  Civil Action No. DKC 16-1271
                                  :
CONCEPTS TO OPERATIONS, INC.,
et al.                            :
```

**MEMORANDUM OPINION**

Presently pending and ready for resolution in this Fair Labor Standards Act ("FLSA") case is the parties' request to approve their settlement as fair and reasonable. (ECF No. 8). Because the proposed settlement meets the applicable standards, the settlement will be approved.

**I.   Background**

Plaintiff Kenneth Rietzig filed this complaint on April 28, 2016, seeking a total of $60,234.78 in unpaid regular and overtime wages, plus liquidated damages under federal law, treble damages under the Maryland Wage Payment and Collection Law, along with attorney's fees and costs. (ECF No. 1). Plaintiff was employed by Concepts to Operations, Inc. from 2010 until January 12, 2016. He alleges that he was paid $45 per hour for all hours worked, and is due overtime in the total amount of $6,750. His complaint also seeks approximately

$13,000 in unpaid regular wages which are not covered by the FLSA.

## II. Analysis

### A. Request to Approve Settlement

Because Congress enacted the FLSA to protect workers from the poor wages and long hours that can result from significant inequalities in bargaining power between employers and employees, the statute's provisions are mandatory and, except in two narrow circumstances, are generally not subject to bargaining, waiver, or modification by contract or settlement. *See Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 706 (1945). First, the Secretary of Labor may supervise the payment of back wages to employees, who waive their rights to seek liquidated damages upon accepting the full amount of the wages owed. *See* 29 U.S.C. § 216(c). Under the second exception, a district court can approve a settlement between an employer and an employee who has brought a private action for unpaid wages pursuant to Section 216(b), provided that the settlement reflects a "reasonable compromise of disputed issues" rather than "a mere waiver of statutory rights brought about by an employer's overreaching." *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982). The parties submit that, because Plaintiff is recovering more than the

maximum for his FLSA claim, there has been no compromise and thus there is no need to address the reasonableness of the agreement. Nevertheless, in an abundance of caution, the court, like the parties, will address the relevant considerations.

Although the Fourth Circuit has not directly addressed the factors to be considered in deciding motions for approval of such settlements, district courts in this circuit typically employ the considerations set forth by the Eleventh Circuit in *Lynn's Food Stores*. *See, e.g.*, *Hoffman v. First Student, Inc.*, No. WDQ-06-1882, 2010 WL 1176641, at *2 (D.Md. Mar. 23, 2010); *Lopez v. NTI, LLC*, 748 F.Supp.2d 471, 478 (D.Md. 2010). Pursuant to *Lynn's Food Stores*, an FLSA settlement generally should be approved if it reflects "a fair and reasonable resolution of a *bona fide* dispute over FLSA provisions." *Lynn's Food*, 679 F.2d at 1355. Thus, as a first step, the *bona fides* of the parties' dispute must be examined to determine if there are FLSA issues that are "actually in dispute." *Lane v. Ko-Me, LLC*, No. DKC-10-2261, 2011 WL 3880427, at *2 (D.Md. Aug. 31, 2011) (*citing Dees v. Hydradry, Inc.*, 706 F.Supp.2d 1227, 1241-42 (M.D.Fla. 2010)). Then, as a second step, the terms of the proposed settlement agreement must be assessed for fairness and reasonableness, which requires weighing a number of factors, including: "(1) the extent of discovery that has taken place;

3

(2) the stage of the proceedings, including the complexity, expense and likely duration of the litigation; (3) the absence of fraud or collusion in the settlement; (4) the experience of counsel who have represented the plaintiffs; (5) the opinions of [] counsel . . .; and (6) the probability of plaintiffs' success on the merits and the amount of the settlement in relation to the potential recovery." *Lomascolo v. Parsons Brinckerhoff, Inc.*, No. 08-cv-1310, 2009 WL 3094955, at *10 (E.D.Va. Sept. 28, 2009) (collective action); *see also Poulin v. Gen. Dynamics Shared Res., Inc.*, No. 09-cv-00058, 2010 WL 1813497, at *1 n.1 (W.D.Va. May 5, 2010) (applying the same factors to a settlement that involved only individual FLSA claims).

"In deciding whether a *bona fide* dispute exists as to a defendant's liability under the FLSA, courts examine the pleadings in the case, along with the representations and recitals in the proposed settlement agreement." *Amaya v. Young & Chang, Inc.* Civil Case No. PWG-14-749, 2014 WL 3671569, at *2 (D.Md. July 22, 2014).  Here, an answer was filed and a scheduling order entered.  The parties undertook some formal discovery before entering into the proposed agreement, and were able to review records related to Plaintiff's employment. The pleadings, along with the parties' joint submission regarding

settlement, establish that a *bona fide* dispute exists as to Defendants' liability under the FLSA for overtime payments.

Overall, the Settlement appears to be a fair and reasonable compromise of the parties' *bona fide* dispute.  The parties agreed to settle at before the end of the discovery period, and there is no evidence that the proposed Settlement is the product of fraud or collusion.  The Settlement Agreement is the product of negotiations between parties represented by counsel.  The parties report that amount of the settlement exceeds the overtime wages sought by Plaintiff in her complaint.  The Settlement resolves all disputes between the parties.

The court must also assess the reasonableness of the attorneys fee request.  The information provided is very scant, and, by itself, fails to provide the necessary information.  The parties only represent that Plaintiff's counsel spent 43.2 attorney hours and 6.4 paralegal hours and that all attorneys have at least 6 years of experience.  There is no mention of an hourly rate.  If the $10,000 is reduced by the costs of $518, and the remainder divided by 49.6 hours, the average hourly rate for attorney and paralegal work would be approximately $190.  In another recent case, Plaintiff's counsel were awarded fees at $250 per hour, despite their request for $295 per hour.  See, *Flores Hernandez v. Hoge*, DKC 15-1988, ECF No. 9, 2016 WL

2924918.  Based on the material submitted and referred to in that case, the fee request in this case appears reasonable, both as to the number of hours spent and the presumed fee range. Accordingly, it will be approved.

**III. Conclusion**

Based on the foregoing, the request to approve the Settlement Agreement will be granted.  A separate order will be entered.

                                                                                                                  /s/
                                         DEBORAH K. CHASANOW
                                         United States District Judge